IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ALEXANDRE MACHADO PINHEIRO,<br><br>  Defendant.<br>                                                          / | No. CR 10-00611 WHA<br><br>**ORDER DENYING MOTIONS FOR EARLY TERMINATION OF SUPERVISED RELEASE AND PERMISSION TO TRAVEL** |

## INTRODUCTION

Defendant, proceeding *pro se*, submits a motion for early termination of supervised release. He also seeks permission to travel to Brazil. For the reasons discussed herein, both motions are **DENIED**.

## STATEMENT

In July 2011, defendant Alexandre Machado Pinheiro was sentenced to twelve months in custody for conspiracy to commit bank fraud. This offense involved a scheme to deceive a mortgage holder and mortgage lender through a fraudulent real-estate transaction. Defendant later began his three-year term of supervised release on October 4, 2012.

Probation has since filed a petition for summons dated June 4, 2013, alleging that defendant violated three conditions of his supervised release: (1) he reported false financial information to probation; (2) he failed to provide third parties in real-estate transactions with notifications about his conviction and supervision status; and (3) he failed to maintain verifiable employment. On September 10, 2013, defendant only admitted to the second alleged violation,

1 and his conditions of supervised release were modified thereafter so that he would provide
2 monthly financial spreadsheets to his probation officer.

3 Both the government and probation have responded to defendant's present motion for
4 early termination. Having considered those responses, as well as defendant's submissions, the
5 order decides as follows.

## ANALYSIS

Under the factors of 18 U.S.C. 3553(a), a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1). These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), *and* (a)(7).

Defendant has completed just over half of his three-year term of supervised release. In his opening brief, he submits that he has been active in his community by "providing affordable housing and offering employment opportunities through [his] work activities," and working on his "EyeFarm project," which supposedly will "promote the production of organic healthier food helping fighting obesity while creating jobs in areas where with higher unemployment issues" (Dkt. No. 114). No other specific details are provided as to what type of employment he holds, how much he is paid for that work, or how much he works, despite an order requesting defendant to do so under sworn declaration (Dkt. No. 116). Although defendant has submitted a response that generally describes how his real-estate projects "generate jobs and revenue to the economy and to all parties involved directly and indirectly in the process," this response is not a sworn declaration (Dkt. No. 119).

Nonetheless, probation has clarified the work story. In particular, defendant "has continued to be primarily self-employed in the real estate market" by purchasing undervalued properties with third-party financing, and then reselling the properties for profit (Dkt. No. 117). This work has gone on despite the concerns expressed to defendant by his probation officer, and despite defendant's underlying offense involving a fraudulent real-estate transaction. As to the "EyeFarm project," probation explains that it appears to be an idea for an application or program whereby Internet users would run a farm remotely. Although EyeFarm's total projected cost is reportedly estimated at $100 billion, there are no specific and concrete details on how much funding defendant has secured (if any), or exactly how he will obtain such funding. Otherwise, defendant's sole source of verifiable work seems to be self-employment as a Lyft driver in 2014.

Probation further notes that on March 14, 2014, it denied defendant's request to travel to Brazil after discovering that he had (once again) failed to provide a third party involved in a real-estate transaction with notification about his conviction and supervision status. *This comes after defendant had already admitted to this type of conduct alleged in the June 4 petition for summons*. Based on the above, the government and probation both oppose early termination of supervised release.

This order agrees. In light of the Section 3553(a) factors, including the nature and circumstances of the offense, defendant's history and characteristics, deterrence, and the need to provide rehabilitation resources and incentives, early termination of supervised release is unwarranted at this time. There is insufficient evidence of a change in circumstances or exceptionally good behavior to terminate supervision, especially given defendant's prior petition for summons, his unclear work status, and his issues with providing third-party notifications. This order also declines defendant's request to travel to Brazil, after probation denied such a request on March 14, 2014.

**CONCLUSION**

For the reasons discussed above, defendant's motion for early termination of supervised release is **DENIED**. His request for permission to travel to Brazil is also **DENIED**.

**IT IS SO ORDERED.**

Dated: April 30, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4