United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ALEXANDRE MACHADO PINHEIRO,

    Defendant.

No. CR 10-00611 WHA

**ORDER DENYING DEFENDANT'S SECOND PETITION**

    Defendant Alexandre Machado Pinherio has submitted a second *pro se* petition (Dkt. No. 126). Among other items, this petition alleges that probation was still unclear in its written clarification about a condition of defendant's supervised release — *i.e.*, his obligation to notify third-parties about his conviction and supervision status. In relevant part, probation's written clarification had stated (Dkt. No. 125) (emphasis added):

> As clarification, the U.S. Probation Office views third[-]parties at risk in real estate transactions as any party that would face a financial loss, or risk adverse litigation, should the defendant's real estate transaction(s) prove to be fraudulent. *This would include, but is not limited to*: investors, partners, or business that have liens or ownership stake in the real property; real estate agents involved in the transaction(s); and escrow companies/officers involved in the transaction(s).

    Defendant now asks that the undersigned judge "reconsider previous petitions because of lack of clarity and inaccuracy of probation." That request to reconsider is **DENIED**. Probation has provided an adequate written clarification of defendant's obligation to notify third-parties, as required by prior order. Furthermore, it is sufficient that probation defines "third-parties at risk

1  in real estate transactions" as "any party that would face a financial loss, or risk adverse
2  litigation" in the event that defendant's real-estate transaction turns out to be fraudulent.
3  Accordingly, defendant's request to further clarify probation's phrase — "This would include,
4  but is not limited to . . ." — is **DENIED**.

5  This order will also not replace probation's written clarification with the alleged "verbal
6  agreement" that defendant reportedly had with Probation Officer Bonneville to "allow[]
7  continuum in [defendant's] work activities . . ." (Dkt. No. 126).  Other than defendant's word,
8  nothing in the record supports this alleged verbal agreement.  Probation, however, is welcome to
9  supplement the record with a response, if in fact it reached the verbal agreement that defendant
10 now claims.

11 Finally, defendant asks for a lawyer due to communication problems between him and
12 probation.  Defendant, however, already has a CJA attorney of record — Jeffry Mitchell Glenn
13 of Berman & Glenn.  He should therefore contact Attorney Glenn if he seeks any additional legal
14 help in this matter.

**IT IS SO ORDERED.**

Dated: August 18, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE